ROGERS, *Ex'r*, *v.* MARTIN & *a.*, *Ap'ts.*

A person who was entitled to appeal from a probate decree allowing a will, but was induced not to join in an appeal taken by another by a promise of the executor which he has broken, may be admitted, as appellant in interest, to prosecute the appeal, even if the parties of record have agreed to dismiss it.

Motion, by D. and Q., for leave to appear and prosecute an appeal from a probate decree allowing a will. Facts found by a referee.

D. and Q. were entitled to appeal, and were applied to to join the appellants in the appeal, but declined in consequence of an agreement by the executor to pay them a certain sum in money and convey to them certain other property. Subsequently the executor, without the knowledge of D. and Q., agreed with the appellants to dismiss the appeal, and he has since declined to fulfil his agreement.

*G. Y. Sawyer & Sawyer, Jr.*, for D. and Q.

*Wadleigh & Wallace*, for the plaintiff.

Stanley, J. If this were a petition for leave to appeal because an appeal had not been seasonably taken by reason of accident, mistake, and misfortune, we should have no doubt it should be granted; but the question here is, whether the parties aggrieved can have the benefit of such a petition in this way.

The fact that a specific remedy, applicable to cases of this kind, is provided by statute, does not necessarily exclude every other remedy, and there is no good reason why the relief to be afforded by granting this motion should not be given to the parties standing in need of it. The appellants do not object to it. Neither the burden of proof nor the degree of evidence will be changed. The settlement of the estate will not be delayed, as it would be if these parties were required to

proceed by petition for leave to appeal, and in no way will the execu-
tor be prejudiced. It is the aim of the law to avoid a multiplicity of
suits, so far as it can be done consistently with the rights of parties ;
and that may be done in this case by granting this motion.

*Motion granted.*